IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Marcus V. Mattison, | ) | C.A. No. 2:06-1645-HMH-RSC |
| | ) | |
| Plaintiff, | ) | **OPINION & ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Sheriff Dan Wideman; | ) | |
| Major Phillip Anderson; | ) | |
| Captain Sharon Middleton; and | ) | |
| Lieutenant Linda Butler, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Robert S. Carr, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Marcus V. Mattison ("Mattison"), a state detainee proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983.  For the reasons stated below, the court declines to adopt the Magistrate Judge's Report and recommendation to summarily dismiss Mattison's complaint.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

## I. Factual and Procedural Background

In his complaint, Mattison alleges that the Defendants violated his civil rights by overcharging him for medical care and medications, denying access to medication, and ignoring requests for medical care. Mattison alleges that he filed a grievance on April 22, 2006. (Compl. ¶ 2.) Further, he states that he never received a response to this grievance. (Id.) Magistrate Judge Carr recommends dismissing this action "without prejudice and without issuance and service of process because [Mattison] has not exhausted the grievance procedure available at his detention center." (Report and Recommendation 6.)

## II. Legal Discussion

Mattison filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Mattison objects that he has never received "a written response to any grievance ever filed with [Greenwood County Detention Center.]" (Objections 3.) Mattison argues that he "has done all he can within his power to exhaust[] the grievance prison remedies in Greenwood County Detention Center." (Id.) The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail,

2

prison, or other correctional facility until such administrative remedies as are available are exhausted."

In Porter v. Nussle, the United States Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." 534 U.S. 516, 532 (2002). However, the exhaustion requirement is an affirmative defense which the defendants have the burden to plead and prove. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 681 (4th Cir. 2005).

> That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Id. at 683. Magistrate Judge Carr found that it was apparent from the face of the complaint that Mattison has not exhausted his administrative remedies.

"[E]xhaustion may be achieved in situations where prison officials fail to timely advance the inmate's grievance or otherwise prevent him from seeking his administrative remedies." Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004). Mattison has alleged that he did not receive a response to his grievance and reiterated that in his objections. As such, the court finds that it is not apparent from the face of the complaint that Mattison has failed to exhaust his administrative remedies. Therefore, after a thorough review of the Report and the record in this case, the court declines to adopt the Magistrate Judge's Report and Recommendation.

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
June 15, 2006